UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | SACV 23-01679-KK-DFMx | Date: | August 29, 2024 |
|---|---|---|---|
| Title: | *Mariza Zamora v. Victoria's Secret Stores, LLC, et al.* | | |

| Present: The Honorable | KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE |
|---|---|

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order DENYING Plaintiff's Motion to Amend Complaint and Motion to Remand [Dkt. 34]

## I.
## INTRODUCTION

On August 3, 2023, plaintiff Mariza Zamora ("Plaintiff") filed the operative First Amended Complaint ("FAC") asserting general negligence and premises liability claims against defendants Victoria Secret Stores, LLC and Nicolette Padin ("Defendants") in the Superior Court of California, County of Orange. ECF Docket No. ("Dkt.") 1-2. On September 6, 2023, Defendants removed the matter to this Court. Dkt. 1.

On July 23, 2024, Plaintiff filed a Motion for Leave to Amend Complaint and Remand to Orange County Superior Court ("Motion"). Dkt. 34.

The Court finds the Motion appropriate for resolution without oral argument. See FED. R. CIV. P. 78(b); L.R. 7-15. For the reasons set forth below, Plaintiff's Motion is **DENIED**.

## II.
## BACKGROUND

On June 6, 2023, Plaintiff filed a Complaint against Defendants arising from an alleged incident on August 3, 2021, when a sign fell and hit Plaintiff while shopping at Defendants' store, "causing severe injuries." Dkt. 1-1.

On August 3, 2023, Plaintiff filed the operative FAC, adding Nicolette Padin as a named defendant.  Dkt. 1-2.  Plaintiff alleged Padin was "the manager on duty at [the] time of the incident."  Dkt. 14.

On September 6, 2023, Defendants filed a Notice of Removal asserting diversity jurisdiction.  Dkt. 1.

On December 26, 2023, this Court issued the Civil Trial Scheduling Order setting a deadline of January 18, 2024, to submit Amended Pleadings and add new parties.  Dkt. 15.

On July 23, 2024, Plaintiff filed the instant Motion pursuant to 28 U.S.C. §§ 1447(c) and 1447(e), seeking to add a new defendant, Rhiannon Morales ("Morales"), and remand the case back to state court.  Dkt. 34.  Plaintiff alleges Morales was the manager at the time of the alleged incident.  Dkt. 34 at 3-4.

On August 14, 2024, Defendant filed an Opposition to the Motion arguing Padin[1] and Morales are not proper defendants under Federal Rules of Civil Procedure 19(a), Plaintiff has unduly delayed seeking to amend and remand, and joinder is sought solely to defeat diversity jurisdiction.  Dkt. 35.[2]

On August 15, 2024, Plaintiff filed a Reply in support of her Motion. Dkt. 37.[3]  On August 22, 2024, Plaintiff filed a supplemental brief in support of her Motion.  Dkt. 42.

This matter, thus, stands submitted.

### III.
### LEGAL STANDARD

"When a party seeks to amend a complaint after the deadline set in the pretrial scheduling order, the liberal standard of Rule 15 of the Federal Rule[s] of Civil Procedure no longer applies."  Philadelphia Indem. Ins. Co. v. IEC Corp., No. SACV-160295-DOCA(JWx), 2017 WL 5664988, at *2 (C.D. Cal. July 27, 2017).  "Once the district court ha[s] filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 [establishing] a timetable for amending pleadings[,] [Rule 16's] standards control[ ]."  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-608 (9th Cir. 1992).

---

[1] The Court will issue a separate Order to Show Cause as to why defendant Padin should not be dismissed.

[2] Defendants' Opposition to the Motion was due August 8, 2024.  See L.R. 7-9; Fed. R. Civ. P. 6(a).  Pursuant to Local Rule 7-12, "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion[.]"  The Court will, nevertheless, consider the untimely Opposition and address the merits of the Motion.

[3] Plaintiff's Reply objected to Defendants' untimely Opposition.  Dkt. 37.  While the Court denied Plaintiff's request to strike the untimely Opposition, the Court permitted Plaintiff additional time to file a supplemental brief in support of her Motion.

A scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." Johnson, 975 F.2d at 609. However, "[a]bsent a request to modify the scheduling order, [a] district court may deny any late-filed motion solely on the basis that the scheduling order barred motions after a cut-off date." VNT Prop., LLC v. City of Buena Park, No. SACV-150007-DOC(KESx), 2017 WL 11680968, at *2 (C.D. Cal. Jan. 17, 2017) (citing U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff, 768 F.2d 1099, 1104 (9th Cir. 1985)).

## IV.
## DISCUSSION

Here, Plaintiff has not filed a request to modify the scheduling order. Per this Court's December 26, 2023 Scheduling Order, the last day to file a motion to amend pleadings or add new parties was January 18, 2024. See dkt. 15. The instant Motion was filed on July 23, 2024, over five months after the deadline set by the Court. See dkt. 34. Thus, Plaintiff's instant Motion is untimely.

Furthermore, even assuming the Court construes Plaintiff's instant Motion as a request to modify the December 26, 2023 Scheduling Order[4], Plaintiff has not shown excusable neglect or good cause to excuse her untimely filing. Plaintiff claims the reason for the untimely filing is because "informal attempts to obtain the identity of the manager on duty on the date of the incident . . . was not forthcoming." Dkt. 34 at 3. However, Morales' name was provided in initial disclosures on February 8, 2024, see dkt. 36-3, yet Plaintiff failed to depose her until June 11, 2024. See dkt. 36-1, ¶ 17. Ultimately, Plaintiff fails to demonstrate excusable neglect or good cause for why the instant Motion was not filed until four and a half months after she discovered Morales' identity.

Accordingly, Plaintiff's Motion to Amend is **DENIED**.[5]

## V.
## CONCLUSION

For the reasons set forth above, Plaintiff's Motion is **DENIED**.

**IT IS SO ORDERED.**

---

[4] "The Ninth Circuit does not automatically consider an untimely motion to amend a complaint to be a motion to modify the scheduling order." Philadelphia Indem. Ins. Co., 2017 WL 5664988, at *3 (citing Johnson, 975 F.2d at 1104).

[5] Given that the Motion is untimely, Plaintiff's request to remand is MOOT.